JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:    klo-jmk@pacbell.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARABJIT KAUR THIND, | Case No.  C 07-3959 MJJ |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

Notice is hereby given that on October 2, 2007 at 9:30 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Martin J. Jenkins, United States District Judge, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 11, plaintiff will move the Court for a preliminary injunction requiring defendant to adjudicate the asylee relative petition plaintiff filed on behalf of her husband, Jaswant Singh Thind.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

## II. FACTS

Plaintiff is a citizen of India who was granted asylum in the United States on November 27, 2000. *See*, Complaint, Exhibit A.

8 U.S.C. §1158(b)(3)(A) vests the Secretary of Homeland Security with discretion to accord derivative asylum to an asylee's spouse. To accord derivative asylum to a spouse residing in the United States, an asylee must file an asylee relative petition on a Form I-730 with the United States Citizenship and Immigration Services (USCIS) in accordance with the provisions of 8 C.F.R. §208.21(c).

When a petition is approved the USCIS is required to issue documentation that demonstrates that the beneficiary is an asylee authorized to work in the United States. *Id*.

If a petition is denied, 8 C.F.R. §208.21(e) requires the USCIS to forward an asylee written notice stating the basis for denial.

On December 2, 2002 plaintiff petitioned the USCIS to accord her husband, Jaswant Singh Thind, derivative asylum. On March 2, 2004 plaintiff's petition was denied. See, Complaint, Exhibit B.

On July 13, 2006 the petition was "reopened for approval" by USCIS pending a fingerprint check of Jaswant Singh Thind. See, Complaint, Exhibit C. Jaswant Singh Thind was fingerprinted by the USCIS on July 26, 2006. See, Complaint, Exhibit D.

It has been more than a year since plaintiff's petition was reopened and her husband fingerprinted. Although plaintiff's asylee relative petition was "reopened for approval", plaintiff's husband continues to reside undocumented in the United States, subject to arrest and removal, and without authorization to work.

Plaintiff has brought this action to compel the USCIS to take action on her petition. She asserts that the USCIS has failed to discharge its duty to adjudicate her asylee relative petition. Plaintiff seeks to enjoin the USCIS to approve her petition and issue documentation to her husband that demonstrates he is an asylee authorized to work, or comply with 8 C.F.R. §208.21(e) and forward

written notice explaining why her petition is denied.

## III. STATUTORY AUTHORITY

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiff's complaint. 28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

## IV. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS's alleged unlawful activity. Plaintiff has exhausted his administrative remedies.

## V. ASYLUM

In enacting the Refugee Act of 1980, Pub.L. 96-212, 94 Stat. 102 (3/17/80), Congress amended the Immigration and Nationality Act to provide uniform procedures for the admission of refugees and their immediate families members to the United States. 8 U.S.C. §1158; *INS v Cardoza-Fonseca*, 767 F.2d 1448 (9th Cir. 1985), aff'd 480 U.S. 421.

8 U.S.C. §1158(b)(1)(A) vests the Secretary of Homeland Security with discretion to grant an alien asylum in the United States. To be eligible an alien must meet the definition of a "refugee", as defined in 8 U.S.C.§ 1101(a)(42)(A). A refugee is an alien unwilling or unable to return to his country due to persecution or a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*.

8 U.S.C.§1158(b)(3)(A) directs that the spouse of an alien granted asylum, if otherwise ineligible for asylum, may be granted asylum if following to join the alien in the United States.

To accord following to join benefits to a family member residing in the United States, an asylee is required to file a petition on a Form I-730 with the USCIS. 8 C.F.R. §208.21( c). If an petition is approved, the USCIS is required to issue documentation that demonstrates that the petition's beneficiary is an asylee authorized to work in the United States.

**VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY**

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiff's claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiff's case.

Plaintiff's claim is clear and certain. Plaintiff is an asylee entitled to petition the USCIS to grant derivative asylum to her husband. The USCIS's duty to adjudicate her petition is plainly prescribed and free from doubt.

Plaintiff's petition has been the subject of prior litigation in the District Court. In 2006 plaintiff filed a Complaint to seek review of a USCIS decision denying the petitions she filed for her husband and two minor children. Case No. C 06-1140 VRW. Following the filing of that Complaint, the USCIS voluntarily reopened the petitions. It approved the children's petitions and granted them derivative asylum. It "reopened for approval" the petition plaintiff filed for her husband pending his fingerprint check. *See*, Complaint, Exhibit C. It has been more than one year since plaintiff's petition was "reopened for approval". Plaintiff's husband complied with the fingerprint order more than one year ago. No demonstrable action has taken place since that time. Plaintiff 's petition has not been approved. Her husband continues to reside undocumented in the United States, subject to arrest and removal, and without authorization to work in the United States.

While plaintiff concedes that no statute or regulation establishes an exact period of time in which the USCIS must act to approve or deny her petition, time parameters do exist. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiff's petition within "a reasonable time". Congressional intent to compel agency action wrongfully withheld is manifested in the provisions of 5 U.S.C. §706(1) which vest the Court with authority to compel agency action unlawfully withheld or unreasonably delayed. There is no statute or regulation which permits the USCIS to hold plaintiff's petition in abeyance indefinitely.

4

Plaintiff entered into a stipulation with defendant to dismiss her Complaint in Case No. C 06-1140 VRW because the USCIS informed her that her petition had been "reopened for approval". It has been more than one year since that notice was issued. The USCIS has had ample opportunity to conduct whatever investigation it deemed appropriate. The time for investigation has ended. It is respectfully submitted that the USCIS should now be enjoined to act.

## VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF

In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction are whether the moving party has demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir. 1984).

Plaintiff's probability of success is substantial. When the USCIS granted plaintiff asylum it informed her that a benefit of her status included the right to petition the USCIS to have her husband and children join him in the United States. Plaintiff petitioned the USCIS in the manner prescribed by regulation. Plaintiff's petition for her husband, "reopened for approval" a year ago, remains pending. The USCIS' violation of its statutory duty is manifest.

The probability that plaintiff will sustain irreparable injury if the USCIS is not enjoined to act is substantial.

The persecution plaintiff experienced in India has resulted in a grant of asylum in the United States. Plainly, the hardship plaintiff endured, in being forced to flee her country, and in being separated from her husband and children, was substantial. That hardship has only been partially redressed by the USCIS. While petitioner's children have been granted asylum, and no longer risk removal from the United States, plaintiff's husband has no legal immigration status. Being the beneficiary of a petition "reopened for approval" does not accord him any immigration status in the United States. Plaintiff's husband is subject to arrest and removal from the United States. He has no authorization to work in the United States. "[T]he impact of the denial of the opportunity to obtain

gainful employment is plainly sufficient to mandate constitutionally fair procedures." *McNary v Haitian Refugee Center, Inc. et al.*, 498 U.S. 479, 491 (1991).

Clearly, serious questions of law are raised by plaintiff's Complaint. The USCIS' inaction undermines a fundamental tenet of our immigration laws. "The importance and centrality of the family in American life is firmly established both in our traditions and in our jurisprudence." *Cerrillo-Perez v INS*, 809 F.2d 1419, 1423 (9th Cir. 1987).

Finally, the balance of hardships unquestionably tips in plaintiff's favor. The USCIS suffers no hardship in discharging its legal duty. In contrast, the hardship that results from the USCIS' failure to complete adjudication of plaintiff's petition is substantial.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to adjudicate plaintiff's asylee relative petition forthwith.

Dated: August 7, 2007

                                              Respectfully submitted,

                                              _____
                                              JONATHAN M. KAUFMAN
                                              Attorney for Plaintiff